UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 3: 12-CR- 224 |
| v. ) | |
| ) | |
| RICHARD J. HARLEY, ) | |
| ) | |
| Defendant ) | |

### **DEFENDANT'S MOTION FOR TO DISMISS INDICTMENT**

AND NOW, comes the Defendant, Richard J. Harley, by and through his attorneys, William Ruzzo, Esquire, and Mary V. Deady, Esquire and respectfully moves this Court to Dismiss the Indictment and alleges the following in support thereof:

1. Defendant, Richard J. Harley, is charged with fifteen counts of wire fraud, two counts of bankruptcy fraud, five counts of making false statements, and one count of bank fraud regarding several schemes that allegedly took place between 1999 and 2012.

2. An indictment was filed against the Defendant on August 30, 2012.

3. The indictment at paragraph 7 the government alleges that the Defendant used fraudulent paperwork including a false promissory oil production note for $200 million, an assignment of collateral concerning ten million barrels of oil reserves, and an oil reserve analysis authored by a petroleum geologist indicating oil reserves were in worth of in excess of $1 billion. Said paragraph further alleges that the Defendant knew the oil reserve assignment and promissory note were worthless.

4. The Indictment at paragraphs 14 through 17 the government alleges that the Defendant attempted to deposit or cash two $500 million U.S. Treasury checks issued by the Federal Reserve Bank of New York.

5. Defendant would respectfully request that your Honorable Court dismiss the Indictment and would allege the following in support thereof:

    a. The Indictment does not allege whether it was the Defendant himself who created these fraudulent documents.

    b. The Indictment does not allege the origin of these fraudulent documents.

    c. The Indictment does not allege that the oil reserve analysis was fraudulent.

    d. The Indictment does not allege how it was determined that the documents were fraudulent and that the Defendant did not own any oil reserves in Texas.

6. Without this information it is impossible for the Defendant to prepare a defense to these charges.

WHEREFORE, Defendant would respectfully request this Honorable Court to dismiss the Indictment.

Respectfully Submitted,

/s/ William Ruzzo, Esquire
William Ruzzo, Esq.
Counsel for Defendant
Atty ID: 75865
590 Rutter Ave
Kingston, PA 18704
570-288-7799
570-288-7798 (fax)
billruzzo@gmail.com

/s/ Mary V. Deady, Esquire
Mary V. Deady, Esq.
Co-counsel for the Defendant

Atty. ID: 312647  
8 W. Market Street, Suite 620  
Wilkes-Barre, PA 18701  
(570)208-4900  
(570)208-4902 (fax)  
mvdeady@aol.com

Date:    September 16, 2013

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Motion to Dismiss Indictment and Memorandum of Law in Support was served on the Government, via electronic filing as follows:

**Bruce D. Brandler**
U.S. Attorney's Office
Room 217, Federal Building
228 Walnut Street
Harrisburg, PA 17108
717-221-4482
bruce.brandler@usdoj.gov

Date: September 16, 2013

/s/ William Ruzzo, Esq.
William Ruzzo, Esquire
Counsel for Defendant
Atty ID: 75865
590 Rutter Ave
Kingston, PA 18704
570-288-7799
570-288-7798 (fax)
billruzzo@gmail.com

/s/ Mary V. Deady, Esquire
Mary V. Deady, Esq.
Co-counsel for the Defendant
Atty. ID: 312647
8 W. Market Street, Suite 620
Wilkes-Barre, PA 18701
(570)208-4900
(570)208-4902 (fax)
mvdeady@aol.com