UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3: 12-CR- 224 |
| v. | ) | |
| | ) | JUDGE A. RICHARD CAPUTO |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

AND NOW, comes the Defendant, Richard J. Harley, by and through his attorneys, William Ruzzo, Esquire, and Mary V. Deady, Esquire and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), to direct the government to supply the following particulars in reference to the indictment filed in the above-captioned case:

1. With respect to count twenty-three of this indictment, a list of financial and lending institutions to which Defendant allegedly provided the checks and other documentation.

2. With respect to count twenty-three of this indictment, a list of financial and lending institutions from which Defendant attempted to obtain loans using the checks as collateral.

3. With respect to county twenty-three of this indictment, the dates in which the defendant visited these financial and lending institutions.

4. "A purpose and a function of bill of particulars is to supply additional details of government's case clearly sufficient to enable defendant to prepare his defense." *Tritt v. U.S.*, C.A.10 (Utah) 1970, 421 F.2d 928; *See also*, *U.S. v. Brown*, C.A.N.Y.1964, 335 F.2d 170; *U.S. v. Basen*, D.C.Pa.1970, 308 F.Supp. 65.

2. "In deciding whether bill of particulars is appropriate, court may consider complexity of

charges, clarity of indictment, and degree of discovery available to defense absent bill;

decision to require bill of particulars rests within sound discretion of trial court." *U.S. v.*

*Esteves*, N.D.Ill.1995, 886 F.Supp. 645.

3. "Government's contention that defendant was aware of nature of charges against him was

no answer to defendant's demand for bill of particulars." *U.S. v. Ramirez*, S.D.N.Y.1985,

602 F.Supp. 783.

4. Defendant needs this information in order to investigate and prepare a defense to the

indictment.

WHEREFORE, Defendant would respectfully request this Honorable Court to grant his

Motion and Order the Government to provide a Bill of Particulars.

Respectfully Submitted,

/s/ William Ruzzo, Esquire
William Ruzzo, Esq.
Counsel for Defendant
Atty ID. 75865
590 Rutter Ave
Kingston, PA 18704
570-288-7799
570-288-7798 (fax)
billruzzo@gmail.com

Date:   September 16, 2013

/s/ Mary V. Deady, Esquire
Mary V. Deady, Esq.
Co-counsel for the Defendant
Atty. ID. 312647
8 W. Market Street, Suite 620
Wilkes-Barre, PA 18701
(570)208-4900
(570)208-4902 (fax)
mvdeady@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Bill of Particulars and Memorandum of Law in Support were served on the Commonwealth, via electronic filing as follows:

**Bruce D. Brandler**
U.S. Attorney's Office
Room 217, Federal Building
228 Walnut Street
Harrisburg, PA 17108
717-221-4482
bruce.brandler@usdoj.gov

Date: September 16, 2013

/s/ William Ruzzo
William Ruzzo, Esquire
Counsel for Defendant
Atty ID: 75865
590 Rutter Ave
Kingston, PA 18704
570-288-7799
570-288-7798 (fax)
billruzzo@gmail.com

/s/ Mary V. Deady, Esquire
Mary V. Deady, Esq.
Co-counsel for the Defendant
Atty. ID: 312647
8 W. Market Street, Suite 620
Wilkes-Barre, PA 18701
(570)208-4900
(570)208-4902 (fax)
mvdeady@aol.com