UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3: 12-CR- 224 |
| v. | ) | |
| | ) | JUDGE A. RICHARD CAPUTO |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION FOR BILL OF PARTICULARS

I.   FACTUAL BACKGROUND

Defendant, Richard J. Harley, is charged with fifteen counts of wire fraud, two counts of bankruptcy fraud, five counts of making false statements, and one count of bank fraud regarding several schemes that allegedly took place between 1999 and 2012. An indictment was filed against the Defendant on August 30, 2012.

In count twenty-three of this indictment, the government charges the Defendant with bank fraud regarding two alleged U.S. Treasury checks in Defendant's possession each for the amount of Five Hundred Million Dollars that were allegedly issued by the Federal Reserve Bank of New York and payable to Joseph Teo Hui Kiat, and that the Defendant was authorized to negotiate those checks.

In paragraph 42 of the indictment, the government alleges that the Defendant "would provide various lending and financial institutions with copies of the two fraudulent checks, as well as other fraudulent documentation, supposedly generated by the Federal Reserve Bank of New York and others so as to make it appear that the checks were legitimate and that he had authority to negotiate these checks." (Indictment, para.42).

The government further alleges in paragraph 43 that the Defendant "attempted to negotiate and deposit the checks and use the funds as collateral from loans from lending and financial institutions." (Indictment, para. 43).

## II.     LEGAL ARGUMENT

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges, in such a way, so as to ensure that he: (1) understands the charges, (2) can prepare a defense, (3) can avoid prejudicial surprise at trial, and (4) can be possible be protected against retrial for the same offense. *United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987); *See, e.g., United States v. Ramirez*, 602 F. Supp. 783, 793 (S.D.N.Y. 1985). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *United States v. Butler*, 822 F. 2d at 1194.

In the present case, Defendant is charged with bank fraud in Count Twenty-three of the Indictment. In this count, the government alleges that the Defendant "would provide various lending and financial institutions with copies of the two fraudulent checks, as well as other fraudulent documentation, supposedly generated by the Federal Reserve Bank of New York and others so as to make it appear that the checks were legitimate and that he had authority to negotiate these checks." (Indictment, para.42). The government further alleges in paragraph 43 that the Defendant "attempted to negotiate and deposit the checks and use the funds as collateral from loans from lending and financial institutions." (Indictment, para. 43). The government does not specify which lending and financial institutions Defendant visited with the allegedly fraudulent checks and documentations and the dates in which he visited these institutions.

Therefore, the information sought by this Motion for Bill of Particulars is absolutely necessary to permit Defendant to adequately prepare a defense to the bank fraud alleged in Count Twenty-three.

    WHEREFORE, it is respectfully requested that this Motion for Bill of Particulars be granted.

                                            Respectfully Submitted,

                                            /s/ William Ruzzo, Esquire
                                            William Ruzzo, Esq.
                                            Counsel for Defendant
                                            Atty ID. 75865
                                            590 Rutter Ave
                                            Kingston, PA 18704
                                            570-288-7799
                                            570-288-7798 (fax)
                                            billruzzo@gmail.com

                                            /s/ Mary V. Deady, Esquire
                                            Mary V. Deady, Esq.
                                            Co-counsel for the Defendant
                                            Atty. ID. 312647
                                            8 W. Market Street, Suite 620
                                            Wilkes-Barre, PA 18701
                                            (570)208-4900
                                            (570)208-4902 (fax)
                                            mvdeady@aol.com

Date:   September 16, 2013