UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3: 12-CR- 224 |
| v. | ) | |
| | ) | JUDGE A. RICHARD CAPUTO |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS**

## I. PHYSICAL EVIDENCE

As set forth in Defendant's Motion to Suppress, federal agents forced open the front door of the Defendant's residence in Monroe County, PA. The agents entered without having in their possession a signed or dated warrant. The agents did provide Defendant Harley with a warrant purported to be a copy; however, it was a copy of a document that was not a valid warrant.

Harley contends here that an unsigned warrant is an invalid warrant. U.S. v. Evans, 469 F.Supp. 2d 983 (D. Mont. 2007). Further, a document purporting to give officers authority to force their way into a personal residence must give some notice to the resident that the permission to enter and search was reviewed by a neutral and detached magistrate in keeping with the Fourth Amendment. Id. at 89 relying on U.S. v. Chadwick 433 U.S. 1, 9 (1997).

Mr. Harley, as the proponent of a motion to suppress, bears the burden of proving that he had a legitimate expectation of privacy in the place searched, i.e. his home and the search was legal. A reviewing court will review this Court's factual determination made on a motion to suppress for clear error and legal determinations de novo. U.S. v. Harrison, 689 F. 3d 301, 306 (3d Cir. 2012).

Privacy expectations are most heightened in the home and surrounding area. In a case involving search of a home, property concepts and privacy concepts should align. The law of

property influences "shared social expectations" of what places should be free from governmental intrusions. Florida v. Jardines, ____ U.S. _____, 133 S. Ct. 1409, 1418 (2013). Given these concepts, Harley's expectations of privacy in his home is objectively and subjectively reasonable and credible.

In Evans, as in our case, officers executed an unsigned warrant. There, as here, the Defendant sought suppression of the search. The Government in Evans claimed officers serving an unsigned warrant are entitled to the good faith exception. Evans holds "an unsigned warrant is a blank paper and officers cannot reasonably rely on such a glaring deficiency as authorization to search. Id. at 895. Hence, the Evans court granted the motion to suppress.

In our case, the document presented to Harley on August 29, 2012, had no signature, or other indication of authorization, on its face, to assure Harley of a lawful authority of the executing officers. "A warrant assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." Chadwick, 433 U.S. at 9. Additionally, Fed. R. Crim. Pro. 41 requires that an original and copy of a warrant contain signatures.

The warrant presented to Harley by officers on August 29, 2012 is not signed, nor is it dated. It contains no time limit for the search given a blank space for the indicator, "execute this warrant on or before."

The complete lack of the badges of authority would be troublesome normally; however under our circumstances they are serious and could have been more serious. The officers represent that they knocked first and after getting no response, they made a forcible entry. One wonders what would have happened if Mr. Harley personally, physically resisted, contending the officers hadn't shown lawful authority to enter his home.

In <u>U.S. v. Jackson</u>, 617 F. Supp. 2d 316 (M.D. Pa. 2009), this Court reasoned that lack of signature on a warrant is not always fatal to the reasonableness of the search. <u>Jackson</u> suggests, based on other District Courts' analysis that the following constitute indicia of issuance: "(1) an indication on the warrant of a date before which the search must be conducted; (2) the presence of a case number; (3) the presence of the issuing authority's initials or other imprimatur of judicial authority; (4) an in person acknowledgement by the issuing authority to the affiant that probable cause has been found."

The warrant presented to Mr. Harley by government agents lacks: (1) an indication on the warrant of the date by which it must be conducted; (2) the presence of a case number; (3) an imprimatur of an issuing authority; and (4) most importantly, an in person acknowledgement of the issuing authority that probable cause has been found. In effect, none of the requirements set forth in Jackson were contained in the warrant. Moreover, the document, although labeled a "Search and Seizure Warrant," is not a search and seizure warrant since it lacks even the basic requirements mandatory to inform a citizen that those invading his home and later searching his home have lawful, constitutional authority to do so.

The experienced federal agents who entered and searched the Defendant's home would have known from even a cursory glance at the document at issue that it did not comport with Fourth Amendment Commands. Even if they were concerned that any exigency existed, they could have secured the premises and made the one hour trip to Scranton to attempt to secure a warrant meeting Constitutional standards.

The <u>Jackson</u> Court denied suppression of a search conducted pursuant to an unsigned warrant. There, the other requirements that were met saved the warrant from invalidation based on the four requirements met in the <u>Jackson</u> warrant, and lacking in our circumstances. Our

circumstances are distinguishable from those in Jackson.

Jackson teaches that in some circumstances a "good" faith exception might save an otherwise invalid search. Id. at 322 relying on U.S. v. Leon, 486 U.S. 897, 906 (1984). Here, given the complete and obvious absence of the factors which saved the Jackson warrant, the warrant was facially deficient. Jackson, at 322 (Setting forth the situations in which good faith does not apply).

Harley is aware that a search conducted pursuant to a warrant, typically "suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." Id. citing U.S. V. $92,422.57, 307 F. 3d 137, 146 (3d Cir. 2007). In our case, the warrant presented to Harley to direct his compliance was so facially deficient that even the good faith exception cannot save it. The rationale underlying the federal exclusionary policy, i.e. to deter unlawful police conduct contemplates a situation which is the one that exists here.

The police conduct that suppression here would deter is obvious. Knocking down a door and entering a home pursuant to a facially deficient warrant may cause resistance, even physical resistance. If police were to slide a document so lacking in proper authority under a door, a person reasonably knowledgeable might think in good faith that she could lawfully resist.

In the context of an arrest warrant, such a warrant is not lawful without a signature. The same policy considerations apply to a search warrant, and the lack of the issuing officer's signature is not merely an excusable, ministerial task. The signature on a warrant serves as notice to the citizen that it is a validly issued warrant. Without the signature, it is merely an "unfinished paper." State v. Covert, 675 S.E.2d 740, 742 (S.C. 2009).

Harley understands that Covert is not binding on this Court; however the principle enunciated here is similar to the principle Harley advocates here and is persuasive. Moreover,

South Carolina law recognizes the good faith exception. Despite that recognition, Covert, under the facts there, reasoned that a good faith inquiry was not needed since an unsigned warrant was not a warrant.

Other sound reasoning is persuasive of Harley's contention. State v. Branigh, _____ P.3d _____, 2013 WL 3718751 (Idaho App. 2013) (Holding a citizen has the right to refuse a search pursuant to an unsigned warrant). State v. Williams, 565 N.E.2d 563 (Ohio 1991) (Search warrant void abinitio if not signed by a judge). State v. Ellenhafer, 79 P.3d 478, 479 (Wash. App. 2003) (Failure to present Defendant with copy and unsigned warrant requires suppression). Com. v. Vaughn, Com. v. Chandler, 477 A.2d 851, 856 (Pa. 1984) (An unsigned warrant is an unissued warrant requiring suppression).

This Court should suppress the fruits of the search not only for the obviously defective warrant, but to prevent potential for confrontations between citizens and police resulting from a citizen's belief that he is protecting his right to be secure in his home. Moreover, the agents were unlawfully present in Harley's residence, and any statements obtained from Harley were obtained as a direct result of that unlawful presence. Hence, these statements should be suppressed.

WHEREFORE, Defendant respectfully requests this Honorable Court to grant his Motion to Suppress the Fruits of Unlawful Search and Seizure for the reasons stated herein.

Respectfully Submitted,

/s/ William Ruzzo, Esquire
William Ruzzo, Esq.
Counsel for Defendant
Atty ID. 75865

|  |  |
|---|---|
|  | 590 Rutter Ave |
|  | Kingston, PA 18704 |
|  | 570-288-7799 |
|  | 570-288-7798 (fax) |
|  | billruzzo@gmail.com |
|  |  |
|  | /s/ Mary V. Deady, Esquire |
|  | Mary V. Deady, Esq. |
|  | Co-counsel for the Defendant |
|  | Atty. ID. 312647 |
|  | 8 W. Market Street, Suite 620 |
|  | Wilkes-Barre, PA 18701 |
|  | (570)208-4900 |
|  | (570)208-4902 (fax) |
| Date: September 16, 2013 | mvdeady@aol.com |