PJS:BB:nl

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:CR-12-00224 |
| | ) | |
| v. | ) | |
| | ) | ( CAPUTO, J.) |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

EXHIBITS TO GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANT'S PRE-TRIAL MOTIONS

                                      Respectfully submitted,

                                      PETER J. SMITH
                                      United States Attorney

                                      Bruce Brandler,
                                      Assistant U.S. Attorney
                                      Attorney I.D. No. PA 62052
                                      228 Walnut Street, Suite 220
                                      P.O. Box 11754
                                      Harrisburg, Pennsylvania  17108-1754
                                      (717) 221-4482
                                      (717) 221-4583 (Facsimile)
Date:  October 3, 2013            bruce.brandler@usdoj.gov (email)

-i-

# TABLE OF CONTENTS

**Exhibit Nos.**                                                                 **Page**

1.   In the Matter of the Search of Northslope III, Skyview
     Circle, Unit 45A, Shawnee on Delaware, Pennsylvania
     18356, Case No. 3:MC-12-306, Search and Seizure
     Warrant dated 08/27/12 ................................................................. 1

2.   FBI-302, 09/04/12, Vincent L. Browning and William G.
     Smith, Re: Search Warrant............................................................. 7

# GOVERNMENT'S EXHIBIT 1

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Northslope III, Skyview Circle, Unit 45A<br>Shawnee on Delaware, Pennsylvania 18356 | ) ) ) ) ) ) ) Case No. 3:MC-12-306 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Middle__ District of __Pennsylvania__ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated by reference.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. The Affidavit is hereby incorporated by reference.

YOU ARE COMMANDED to execute this warrant on or before __September 7, 2012__
(not to exceed 10 days)

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 8-27-12  11:00 am     /s/ *(signature)*
                                              Judge's signature

City and state: Wilkes-Barre, Pennsylvania   Malachy Mannion, U.S. Magistrate Judge
                                              Printed name and title

**GOVERNMENT EXHIBIT 1**

-2-

AO 93  (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The location to be searched is Unit 45A within Northslope III development, located off of Skyview Circle in Shawnee on Delaware, also known as Smithfield, Pennsylvania 18536. The multi-story residence is located at the end of multi-residence condominium building. The residence is brown in color with a stone enclosed stairway leading to the front door. The identifier "45A" is displayed in white letters on a pole near to the front door. There is an attached garage to the right of the front entry which this warrant also seeks authority to search, as well as any vehicles possessed or registered to RJH or Harley that may be located inside the garage or on the curtilage of the location, including a 2008 Lexus SW VIN NO. JTJBT20X880164193.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED

Any and all records relating to violations of the statutes listed on the warrant involving Richard J. Harley or Jacqueline Kube from 1997 to the present, including:

1. Records relating to the following entities:
   a. RJH and Company
   b. Madison Park Realty
   c. Enpetro, Inc.
   d. Enpetro LPC Inc.
   e. Merrill, Lynch, Pierce, Fenner & Smith
   f. State Street Alternative Investment Solutions
   g. LPL Financial
   h. Federal Reserve Bank
   I. Texas Railroad Commission
   j. Securities and Exchange Commission

2. Records relating to the following individuals:
   a. Stanley Dedmon
   b. William Trantham
   c. Donald Kesterson
   d. Victims #1, 2, 3, 4, and 5, whose names are being provided to the Court under seal as "Attachment C."
   e. Any individual who was solicited by Harley for money

3. Records relating to communication with any individual or entity involving oil in Texas or two U.S. Treasury $500 million checks.

4. Any oil paintings by J. Lee Settlemeyer or Titian.

5. Financial records of Richard J. Harley and Jacqueline Kube, including copies of tax returns, bank statements, canceled checks, investment statements, wire transfer records or receipts, evidence of any foreign holdings, accounts or assets, and records pertaining to any expenditures over $500 for such items as cars, artwork, jewelry, or other valuable merchandise.

6. Items indicative of fabricating or authenticating paper documents, including, but not limited to seals, blank forms, notes, contract templates, and stamps.

7. Computers and computer-related equipment, as more fully described in paragraphs 45 through 48 of the affidavit, which is incorporated by reference.

As used above, the term records includes all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including inside any locked containers or any form of computer or electronic storage (such as hard disks or other media that can store data); any hand-made form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies).

# GOVERNMENT'S EXHIBIT 2

FD-302 (Rev. 5-8-10)

- 1 of 3 -



OFFICIAL RECORD
Document participants have digitally signed.
All signatures have been verified by a certified FBI information system.

# FEDERAL BUREAU OF INVESTIGATION

Date of entry   09/04/2012

On August 29, 2012, a search was conducted at the residence of RICHARD HARLEY and JACQUELINE KUBE, located at North Slope III, 45A Skyview Circle, Shawnee on Delaware, PA 18356, pursuant to a warrant from the Middle District of Pennsylvania (3:MC-12-306), dated 08/27/2012, and signed by U.S. Magistrate Judge Malachy Mannion. The following personnel participated in the search:

Special Agent (SA) Vincent Browning, SA William Smith, SA Aris Anastasas, Task Force Officer (TFO) Larry Ellett, TFO Timothy Harding, Computer Forensic Examiner (FE) Michael Irvin, Financial Analyst Christopher Lemoncelli, SA Jared McAfee, Investigative Analyst Robert McManigal, FE Edward Monaghan, SA Thomas O'Donnell, and SA Jacob Wentland.

At the request of the FBI, the Pennsylvania State Police provided a uniformed Trooper, in a marked patrol car, to park in the driveway of the residence as an attempt to put the occupants at ease. FBI personnel were clearly identified.

At approximately 8:11AM, entry was attempted at both the front door and back basement door by knock and announce. Agents knocked loudly and identified themselves as being FBI with a search warrant. A video recording of the entry was initiated.

After approximately four (4) minutes, SA Browning attempted to contact the occupants by placing two (2) telephone calls to the number 570-476-7600, which was previously identified as belonging to the residence. The first call sounded as if it was picked up and immediately hung up. The second call went directly to voice mail. In both calls, SA Browning identified himself as being FBI with a search warrant and requesting that the door be opened.

At approximately 8:16AM, SA Browning made the decision to force entry at the front door. FBI personnel forced entry at 8:16AM resulting in damage to the front door. For the safety of FBI personnel, firearms were drawn and safely controlled upon entry to the residence.

The occupants consisted of HARLEY and KUBE. HARLEY was located in

---

Investigation on   08/29/2012   at   Shawnee on Delaware, Pennsylvania, United States (In Person)

File #   318B-PH-109143                                                       Date drafted   09/04/2012

by   BROWNING VINCENT L, SMITH WILLIAM G

**GOVERNMENT EXHIBIT 2**

This document contains neither recommendations nor conclusions of the FBI. It is [the property of the FBI and is loan]ed to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 05-08-10)

318B-PH-109143

Continuation of FD-302 of  Search Residence of Richard Harley - August 29, 2012 , On  08/29/2012 , Page  2 of 3

basement living area and was called up to the main floor. KUBE was located in the upstairs living area and was called down to the main floor.

HARLEY stated he heard the pounding on his door but had been in the bathroom and could not respond. HARLEY was upset that his door had been forced open, and he questioned the FBI's legal authority to force entry to his home. HARLEY stated his wife had been hiding upstairs because she feared the people at the door were intruders.

HARLEY was advised the FBI had a search warrant for the residence and that forcible entry would not have been necessary if he had answered the door in a reasonable amount of time. HARLEY was reminded that agents had knocked loudly on both the front and basement doors for five minutes, that calls to the residence went unanswered, and that a marked police unit had been parked in the driveway.

HARLEY and KUBE were asked to sit quietly, and they were not handcuffed or otherwise physically restrained. HARLEY and KUBE were advised they did not have to remain in the residence and were free to leave. HARLEY stated he wanted to know the meaning of the FBI search of his residence. HARLEY was advised by SA Browning that he would have the opportunity to make a statement after the search was underway. HARLEY was provided a copy of the search warrant with attachments describing the residence and items to be searched for and seized.

The search commenced at approximately 8:25AM. Both photographs and a video recordings of the residence were taken. Seized items were documented on property receipt forms. HARLEY insisted that each document seized be individually itemized on a list. He was advised such a request was not feasible due to the excessive amount of time it would take to do so. HARLEY was given the opportunity to examine all items removed but declined to do so.

A Lexus sport utility vehicle was located in the garage which was too cramped to allow a search of the vehicle pursuant to the warrant. FBI personnel backed the vehicle out of the garage and into the driveway where it was photographed and searched. Following a search of the vehicle, FBI personnel drove it back into the garage.

HARLEY stated that items were taken which were not on the warrant list including a leather briefcase which contained documents and other contents. At HARLEY's request, the seized items were removed from the briefcase and placed in a large envelope which was seized. The briefcase was left at the residence. HARLEY expressed concern for the security of original documents

FD-302a (Rev. 05-08-10)

318B-PH-109143

Continuation of FD-302 of  Search Residence of Richard Harley - August 29, 2012 , On 08/29/2012 , Page 3 of 3

seized from the briefcase including an oil promissory note and related assignment of collateral.

The Computer Analysis Response Team (CART) examiners copied a desktop computer and a laptop computer onto FBI owned hard disk drives. The original computers were not seized. One disconnected computer tower was seized from the upstairs office area. A hard drive was removed and seized from a disconnected computer tower located on the floor of the garage. Additional digital items including USB thumb drives, a BlackBerry cell phone, and micro SD cards were seized.

HARLEY was informed the hard drives were removed and copied from a laptop and desktop computer to preclude seizure of those items. The hard drives were replaced back into those computers which remained at the residence. HARLEY expressed concern the computers might not work following the copy process. HARKLEY and KUBE were informed the desktop computer appeared to successfully boot up to a login prompt following the CART copying process.

Numerous boxes of documents, records, notes, certificates and correspondence were seized. Two (2) pieces of artwork consisting of an oil painting signed by Settlemyre and a framed print of a Roman Emperor, purported to be a Titian painting, were seized.

The search concluded at approximately 1:30PM. Exit photographs were taken. HARLEY was provided copies of the property receipt forms which he refused to sign. The front door was repaired to the point where it could be closed and latched from inside.