IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:12-CR-224 |
| v. | |
| RICHARD J. HARLEY, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court are three pre-trial motions filed by Defendant Richard J. Harley ("Harley"): Defendant's Motion To Dismiss Indictment (Doc. 36), Defendant's Motion For Bill of Particulars (Doc. 38), and Defendant's Motion To Suppress Physical Evidence (Doc. 40). Because the Indictment is factually sufficient and Harley has been adequately informed of the charges against him, his motions to dismiss the Indictment and for a bill of particulars will be denied. Because there is a factual issue regarding Harley's motion to suppress, the Court will schedule a hearing to address that motion.

## BACKGROUND

Defendant Harley is charged with fifteen (15) counts of wire fraud, in violation of 18 U.S.C. § 1343, two (2) counts of bankruptcy fraud, in violation of 18 U.S.C. § 157(1), five (5) counts of making false statements in bankruptcy filings, in violation of 18 U.S.C. § 152(3), and one (1) count of bank fraud, in violation of 18 U.S.C. § 1344. Harley was arraigned on October 16, 2012 and pled not guilty to the charges. The government asserts that it provided extensive discovery, including Jencks Act material to Harley on January 30, 2013. On September 16, 2013, Harley filed these pre-trial motions. These motions are now ripe for review.

**DISCUSSION**

A.   **Motion to Dismiss Indictment (Doc. 36)**

Harley moves the Court to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 7©.  This rule requires that: "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1).   The Third Circuit Court of Appeals explains that "[w]e have held that an indictment is facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)(internal citation omitted).  "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Id.* (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir.2005)).  Moreover, "'[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.'" *Id.* (citing *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000)).

Paragraph 7 of the Indictment states that Harley provided fraudulent paperwork, including a promissory oil production note for $200 million, an assignment of collateral concerning ten million barrels of oil reserves, and an oil reserve analysis authored by a petroleum geologist indicating that certain oil reserves purportedly backing the note were worth in excess of $1 billion to support false claims of ownership.  (Indictment, ¶ 7.)  This paragraph further states that "[a]s Harley well knew, the oil production note and assignment of collateral were worthless." *Id.*   Harley moves to dismiss the Indictment

because it fails to allege (1) whether it was the Defendant himself who created fraudulent documents; (2) the origin of the fraudulent documents; (3) that the oil reserve analysis was fraudulent; and (4) how it was determined that the documents were fraudulent and that Defendant did not own any oil reserves in Texas. (Doc. 36, ¶ 5.)

The Court will deny Harley's motion to dismiss the Indictment because the government is not required to include in the Indictment any of the information that Harley deems lacking. As indicated below, this information does not amount essential facts or elements of violations under the statutes charged. For example, the elements of wire fraud in violation of 18 U.S.C. § 1343 are: (1) that the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises; (2) that the defendant acted with the intent to defraud; and (3) that in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire . . . in interstate commerce or caused the transmission of any writing, signal, or sound . . . by means of a wire . . . in interstate commerce. *See* 18 U.S.C. § 1343; *Third Circuit Model Criminal Jury Instructions*, 6.18.1343 (Dec. 2012). The elements of bankruptcy fraud in violation of 18 U.S.C. § 157(1) are: (1) the defendant devised or intended to devise a scheme or plan to defraud; (2) the defendant acted with the intent to defraud; (3) the defendant's act was material; and (4) the defendant filed a petition under a Title 11 bankruptcy proceeding to carry out or attempt to carry out an essential part of the scheme. *See* 18 U.S.C. § 157(1); *Model of Criminal Jury Instructions for the District Courts of the Ninth Circuit*, 8.11 (2010). The elements of making false statements in bankruptcy filings in violation of 18 U.S.C. § 152(3) are: (1) that a proceeding in bankruptcy existed; (2) that the defendant made a statement under oath in relation to the bankruptcy proceeding; (3) that the statement concerned a material fact; (4) that the statement was false; (5) that the defendant made

the statement knowingly and fraudulently.  See 18 U.S.C. § 152(3); *First Circuit Model Criminal Jury Instructions*, 4.18.152(2),(3) (2008 Revision).  Finally, the elements of bank fraud in violation of 18 U.S.C. § 1344 are: (1) that the defendant knowingly executed a scheme or artifice to defraud or to obtain money, funds, or other property owned by a financial institution by means of material false or fraudulent pretenses, representations, or promises; (2) that the defendant did so with the intent to defraud the financial institution; and (3) the name of the financial institution.  See 18 U.S.C. § 1344; *Third Circuit Model Criminal Jury Instructions*, 6.18.1344 (Dec. 2012).

Because the information which Harley claims is omitted from the Indictment involves evidentiary detail not required to be contained in an indictment, Harley's motion to dismiss the Indictment will be denied.

**B.    Motion for a Bill of Particulars (Doc. 38)**

Harley requests a bill of particulars under Federal Rule of Criminal Procedure 7(f) with respect to the bank fraud count.   A court is authorized under Rule 7(f) to direct the government to file a bill of particulars in order "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during trial and to protect him against a second prosecution for an inadequately described offense."  *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2004) (quoting *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971)).  "A bill of particulars 'is not to be used by the defendant as a discovery tool,' but rather is appropriate only when 'an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'"  *United States v. Shabazz*, No. 12-cr-64, 2012 WL 5334480, at *1 (M.D. Pa. Oct. 26, 2012)(citing *United States v. Fischbach & Moore, Inc.*, 576 F.Supp. 1384, 1389 (W.D. Pa.1983); *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989)).  According

to the Third Circuit, "an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality neither prejudices a defendant in preparing his defense nor endangers his constitutional guarantee against double jeopardy." *Id.* (citing *Addonizio*, 451 F.2d at 58 n. 7; *see also United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991)).

Whether to grant a motion for a bill of particulars is within the discretion of the trial court. *Addonizio*, 451 F.2d at 64. "In determining whether to grant a motion for a bill of particulars, courts must take into account 'numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of facts before it is in a position to do so.'" *Shabazz,* 2012 WL 5334480 at *2 (citing *Rosa*, 891 F.2d at 1066). In addition, "the court may consider not only the indictment, but also all the information that has been made available to the defendant." *Id* (citing *Fischbach*, 576 F.Supp. at 1389). "There is less need for a bill of particulars in cases where the Government provides substantial discovery." *Id.* (citing *Urban*, 404 F.3d at 772).

Harley's request for a bill of particulars focuses on Count 23 of the Indictment, charging him with bank fraud. He requests: (1) a list of financial and lending institutions to which he allegedly provided the checks and other documentation (Doc. 38, ¶ 1); (2) a list of financial and lending institutions from which he attempted to obtain loans using checks as collateral (Doc. 38, ¶ 2); and (3) the dates on which he visited these financial and lending institutions (Doc. 38, ¶ 3).

The government contends that this information is either not necessary for him to prepare his defense and/or is already contained in the Indictment. As the government indicates, Harley has been informed that in April 2009, he attempted to deposit two $500 million U.S. Treasury checks purportedly issued by the Federal Reserve Bank of New

York at Merrill Lynch, Pierce Fenner and Smith ("MLPF&S"). (Indictment ¶ 14.) Harley has also been informed that he attempted to deposit the two $500 million U.S. Treasury checks into an account at LPL Financial in April 2009. (Indictment ¶ 15.) In addition, Harley has been informed that he demanded payment from the Federal Reserve bank of Atlanta and the Federal Reserve Bank of New York in March and April of 2011 based on the two $500 million U.S. Treasury Checks. (Indictment ¶ 16.) Finally, Harley has been informed that in March 2012, he attempted to deposit the two $500 million checks into an account at State Street Alternative Investment Solutions. (Indictment ¶ 17.)

The allegations contained in paragraphs 1 through 22 of the Indictment were "hereby repeated, realleged, and incorporated by reference as if fully set forth herein" in Count 23 of the Indictment. (Indictment ¶ 38.) As the government clarifies, the victim of Count 23 is identified as the Federal Reserve Bank of New York, the purported issuer of the two $500 million checks. (Indictment ¶ 39.) The government represents that the entities referred to in paragraphs 42 and 43 of the Indictment "include MLPF&S, LPL, and State Street." (Doc. 42, 8.) The government also notes that "the discovery materials provided to the defense reveals other lending and financial institutions where Harley attempted to negotiate these fraudulent checks." *Id.* In light of the information available to Harley, the Court finds that a bill of particulars is not warranted in this case. Thus, Harley's request motion for a bill of particulars will be denied.

**C.    Motion to Suppress (Doc. 40)**

Harley moves to suppress physical evidence seized from his residence and statements obtained in the course of that seizure on August 20, 2012. Harley alleges that federal agents forced entry into his residence and presented him with an unsigned and undated warrant. (Doc. 40, ¶ 5) During the search, Harley alleges that government agents obtained statements from him and that these statements were obtained as a

consequence of unlawful search. *Id.* at 8. The government contends that "upon entering the premises, S.A. Browning presented Harley with a copy of the signed and dated search warrant" and that "[a]lthough the agent may not have left Harley with a copy of the signed and dated search warrant . . . the fact remains that Harley was well aware that a judicial officer had authorized the search of his residence." (Doc. 42, 10.) In light of this factual issue, the Court will hold an evidentiary hearing before ruling on Harley's suppression motion.

## CONCLUSION

For the above stated reasons both, Harley's motion to dismiss the Indictment and motion for a bill of particulars will be denied. The Court will hold an evidentiary hearing before ruling on Harley's motion to suppress evidence.

An appropriate order follows.


January 27, 2014 /s/ A. Richard Caputo
Date                         A. Richard Caputo
                             United States District Judge