PJS:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:CR-12-00224 |
| | ) | |
| v. | ) | |
| | ) | ( CAPUTO, J.) |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR RETURN OF PROPERTY

AND NOW, the United States of America, by Assistant U.S.

Attorney Bruce Brandler, hereby opposes the defendant's motion for

return of property and states as follows:

## I.  PROCEDURAL HISTORY.

On August 29, 2012, a search was conducted at the defendant 's

(Harley's) residence pursuant to a federal search warrant, and various

paper and electronic items were seized.  Harley was indicted the next

day, on August 30, 2012, and charged in a twenty-three count

Indictment with wire fraud, bankruptcy fraud and bank fraud.

Harley pled not guilty at his arraignment on October 16, 2012.

The government then provided Harley with extensive discovery,

including digital copies of all the paper and electronic items seized during the search of his residence. <u>See</u> Exhibits 1 and 2. Harley subsequently filed pre-trial motions, one of which was to suppress the items seized during the search.

After several defense motions to continue the trial date were granted, trial is now scheduled to commence on April 28, 2014. The suppression hearing on the defendant's motion to suppress the items seized during the search is scheduled for April 8, 2014.

On February 19, 2014, the defendant filed the instant motion for return of property. This response is made in opposition to that motion.

## II. <u>ARGUMENT</u>.

**THE MOTION FOR RETURN OF PROPERTY SHOULD BE DENIED BECAUSE THE GOVERNMENT LAWFULLY SEIZED THE PROPERTY PURSUANT TO A VALID SEARCH WARRANT AND IT IS NEEDED AS EVIDENCE IN THE UPCOMING TRIAL.**

Under Fed. R. Crim. P. Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property."

<u>United States v. Chambers</u>, 192 F.3d 374, 377 (3d Cir. 1999).  A motion for return of property is properly denied, "[i]f the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." <u>Id.</u>

In the case <u>sub judice</u>, Harley has failed to meet his burden to show that he is entitled to lawful possession of the property.  The property was seized pursuant to a valid search warrant and is needed as evidence in the upcoming trial.  The legality of the seizure will be determined at the upcoming suppression hearing.  Until the Court rules on the motion to suppress, the items are lawfully in the possession of the government, and Harley is not entitled to their return.

Moreover, not only has Harley failed to show that the is entitled to the return of the property, but he has failed to show that he has been harmed by the deprivation of the property.  As stated above, Harley has been provided digital copies of all the items seized during the search.  He has not explained why this is insufficient or why he needs the originals of these items.

Last, most of the items requested to be returned are not described in enough detail to ascertain what specific items Harley wants to be returned to him. All the seized items were digitally scanned and Bates numbered. Harley has failed to identify what specific items he wants returned to him. Instead, he uses broad and conclusory categories and asks the government to figure out what documents fit into what category. The government is unable to do so and it is Harley's burden to identify with particularity what items he is seeking the return of and how he is lawfully entitled to their return at this point in the proceedings. This he has failed to do.

## III. CONCLUSION.

WHEREFORE, for the reasons stated above, the motion for return of property should be denied in all respects.

> Respectfully submitted,
>
> PETER J. SMITH
> United States Attorney
>
>
>  s/ Bruce Brandler_____
> Bruce Brandler
> Assistant U.S. Attorney
> Attorney I.D. No. PA62052

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania  17108-1754
(717) 221-4482
(717) 221-4583 (Facsimile)
bruce.brandler@usdoj.gov (Email)

Date:  March 3, 2014

PJS:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:CR-12-00224 |
| | ) | |
| v. | ) | |
| | ) | (CAPUTO, J.) |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 3, 2014, she served a copy of the attached:

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY

by electronic filing to the person hereinafter named:

William Ruzzo, Esquire
at billruzzo@gmail.com

s/ Naomi Losch
Naomi Losch
Legal Assistant