**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:12-CR-224 |
| v. | |
| RICHARD J. HARLEY, | (JUDGE CAPUTO) |
| Defendant. | |

### MEMORANDUM ORDER

Presently before the Court is Defendant Richard J. Harley's Motion For Return of Property (Doc. 63).  Mr. Harley requests that the Court direct the United States to return certain personal property seized from his residence on August 29, 2012.  Mr. Harley argues that the items seized are important to him personally and are not relevant to the Government's case.  The government filed its response in opposition to Mr. Harley's motion (Doc. 64) on March 3, 2014, asserting that the property seized is needed as evidence in the upcoming trial.

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).  When a motion for return of property is made while a criminal prosecution is pending, the burden is on the moving party to show why he is entitled to the property.  *United States v. Davies*, No. 08–253, 2010 WL 3024844, at *6 (M.D. Pa. July 29, 2010) (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir.1999)).  Generally, a Rule 41(g) motion will be denied if the defendant is not entitled to lawful

possession of the seized property, the property is contraband, or the government's need for the property as evidence continues. *Id.* (citing *Chambers*, 192 F.3d at 377 (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991))).

      Here, Mr. Harley has not met his burden of proving that he is entitled to the property. As his criminal prosecution is pending, Mr. Harley has the burden of establishing that he is entitled to the property. While Mr. Harley asserts that the property is not relevant to the government's case, the government asserts that the property will be used as evidence in this case. As such, the government's ongoing need for the property as evidence in this case warrants the denial of Donahue's motion. *See, e.g., United States v. Stanton*, No. 10–800, 2012 WL 2159355, at *6 (E.D. Pa. June 14, 2012).

      Accordingly, **IT IS HEREBY ORDERED** that Mr. Harley's Motion for Return of Property (Doc. 63) is **DENIED without prejudice**.


  March 28, 2014                                 /s/ A. Richard Caputo
  Date                                            A. Richard Caputo
                                                                 United States District Judge