# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:12-CR-224 |
| v. | |
| RICHARD J. HARLEY, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Richard J. Harley's Motion to Suppress Physical Evidence (Doc. 40). The Court held a Suppression Hearing on Mr. Harley's motion on April 8, 2014. Because the search warrant issued in this case, Mr. Harley's motion will be denied.

## BACKGROUND

Defendant Richard J. Harley's residence was searched on August 29, 2012 by law enforcement officers and a number of items were seized. Mr. Harley now moves to suppress the fruits of the search conducted at his residence, including the statements obtained from him as a result of the agents' allegedly unlawful presence on the premises.

At the Suppression Hearing, FBI Special Agent Vince Browning testified that he obtained a warrant to search Mr. Harley's residence from a Magistrate Judge, which he executed on August 29, 2012. *See* Gvt. Ex. 1.[1] Upon entering the premises, Browning testified that he identified himself as an FBI agent and stated that he had a warrant. Browning also stated that he interviewed Mr. Harley for approximately forty-five (45)

---

[1] Reference to exhibits and corresponding numbers correlate to those as submitted during the Suppression Hearing held on April 8, 2014.

minutes to one (1) hour.  Browning testified that over the course of the interview, he told Mr. Harley that he had a warrant, and showed Mr. Harley the original search warrant he had obtained with a signature and seal.  *Id.*  Browning also testified that he had pointed to the Magistrate Judge's signature on the document.  According to Browning, the search lasted a total of about five (5) hours, and that at the conclusion of the search, the agents left copies of property receipts, which Mr. Harley refused to sign, along with a copy of the warrant that was unsigned and included attachments.  *See* Def. Ex. 1.[2]

Mr. Harley testified that when the agents entered his residence, he asked several times to see a warrant but never saw one.  Mr. Harley stated that as Browning questioned him he asked again to see a warrant, and Browning showed him a document without a signature, date, case number, or an execute by date (Def. Ex. 1).  Mr. Harley also stated that he was shown two attachments to the document, attachments "A" and "B."[3]  According to Mr. Harley, that document (Def. Ex. 1) was the only purported warrant he saw on the day of the search.  Mr. Harley further testified that he never saw a signed warrant until he received discovery materials from the government at a later date.  After being presented with the unsigned and undated document lacking a case number and an execute by date (Def. Ex. 1), Mr. Harley claims that he noted that it lacked a signature and refused to sign the property inventory for this reason, in addition to his contention that the property inventory sheets were not itemized.

## DISCUSSION

The Fourth Amendment guarantees that: "[t]he right of the people to be secure in

---

[2] During cross examination, Browning testified that Defendant's Exhibit 1 ("Def. Ex. 1") represents a version of the copy of the warrant he left with Mr. Harley.

[3] Attachments "A" and "B" were not provided at the Hearing.

their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.  While there is no explicit requirement that a warrant be signed, the Fourth Amendment does require that a warrant be "issue[d]." *Id.*  Usually the issuing authority demonstrates that probable cause exists to justify the search by signing the warrant.  *See U.S. v. Jackson*, 617 F. Supp. 2d 316, 320 (M.D. Pa. 2008).  However, apart from a signature, "the following can constitute indicia of issuance: (1) an indication on the warrant of the date before which the search must be conducted, (2) the presence of a case number indicating that the warrant has been filed, (3) the presence of the issuing authority's initials or other imprimaturs of judicial authority on the warrant, and (4) an in-person acknowledgment by the issuing authority to the affiant that probable cause has been found." *Id.*

Mr. Harley moves for the suppression of evidence in this case because he claims that he never saw a signed and dated warrant with a case number or a date to be executed by during the search of his residence or shortly thereafter.  Mr. Harley does acknowledge that he did eventually see a complete version of the warrant (Gvt. Ex. 1) when he received discovery materials from the government.

On the other hand, the government argues that even if Browning did not have a copy of the signed, dated warrant (Gvt. Ex. 1) with him during the search of Mr. Harley's residence, this at most would result in a technical violation of Federal Rule of Criminal Procedure 41, but would not be grounds for the suppression of evidence.

Without resolving the issue of credibility as to whether Mr. Harley was presented with a signed and dated warrant during the search, the Court will deny Mr. Harley's motion to suppress.  As the government explained, the chief issue regarding the

suppression of evidence here is whether a warrant issued, not whether the government presented or left a signed and dated copy of the warrant with Mr. Harley during the search.  *See United States v. Askew*, No. 08-784, 2010 WL 457535, at *10 (W.D. Pa. Feb. 2, 2010) ("Even though the copy of the search warrant left at petitioner's residence was unsigned, that is not a violation of the Fourth Amendment or Rule 41 . . .  such a "defect" would be a technical one, which does not invalidate the search or require suppression of evidence.); *United States v. Lipford*, 203 F.3d 259, 270 (4th Cir. 2000) ("Presuming that [defendant] is correct that some copies of the warrant were signed but that his was not, this was, at most, a technical violation of Federal Rule of Criminal Procedure 41[. . .], and not a violation of the Fourth Amendment.  Absent a demonstration of prejudice or bad faith—neither of which is present here—suppression of evidence is not the proper remedy for a violation of Rule 41[. . .] .").  The government demonstrated that a search warrant issued in this case.  *See* Gvt. Ex. 1.  Therefore, Mr. Harley's Motion will be denied.

## CONCLUSION

For the above stated reasons, Mr. Harley's motion to suppress will be denied.  An appropriate order follows.


April 10, 2014                                              /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                   United States District Judge