UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| vs. | : | 3:12-CR-224 |
| RICHARD J. HARLEY, | : | |
| Defendant | : | |

## MOTION FOR PERMISSION TO WITHDRAW AS COUNSEL

Undersigned Appointed Counsel seeks the Court's Permission to Withdraw as Counsel in the above captioned case. In support of that request, he represents as follows:

1. This Court on January 9, 2013 appointed undersigned as counsel to represent Richard Harley in a multi-count indictment alleging wire fraud, bankruptcy fraud, and other federal crimes.

2. On July 8, 2013, Mary Deady, Esquire entered her appearance as co-counsel.

3. Attorney Deady entered her appearance as co-counsel on a pro-bono basis to gain experience in the Federal Courts since she is a young lawyer concentrating her practice in criminal defense.

4. Undersigned counsel with the assistance of Attorney Deady has reviewed extensive discovery, researched the law, and assessed the strengths and weaknesses of potential defense theories.

5. Additionally, counsel has spent much time reviewing the law and facts of the case with Mr. Harley.

6. Counsel has repeatedly refused to file motions requested by Mr. Harley which counsel believes were frivolous and without merit. Despite counsel's explanations and citations to the law, refused to file the motions remain an ongoing controversy between the Defendant and counsel. Counsel's failure to follow Mr. Harley's suggestion in suppression hearing strategy remains a controversy interfering with the defense.

7. Most significantly, undersigned along with Attorney Deady has developed a theory of defense which is in direct contradiction with that of Mr. Harley's desired defense.

8. Undersigned counsel believes his planned opening statement would be in direct conflict and would actually contradict the Defendant's testimony if the Defendant chose to testify.

9. Mr. Harley has requested that counsel call several witnesses which counsel believes would actually hurt the defense case. This disagreement does and will continue to prevent counsel from zealously defending Mr. Harley and defending against the instant charges.

10. Basic principles of law including the waive of personal jurisdiction by appearing in Court on the merits, the necessity of diversity of citizenship in addition to amount in controversy necessary to confer federal jurisdiction in cases lacking a federal question. Mr. Harley's refusal to accept counsel's word on these similar issues remain a constant and continuing conflict between the Defendant and counsel. Additionally, Mr. Harley's citing of other unnamed attorneys for as his authority undermines the lawyer/client relationship.

11. The lawyer/client relationship is further damaged by Defendant's refusal to accept counsel's legal advice on basic principles of criminal law e.g. that interlocutory appeals in criminal cases are limited to denials of bail and double jeopardy. Continuances and conflicts on

these or similar issues continue inefficient demands on counsel's time and prevent what counsel believes is the required zealous defense.

12. Counsel has discussed this case and potential defense strategy with several experienced criminal defense lawyers with whom he regularly consults under confidentiality and subject to privilege. Each of the lawyers believes that undersigned counsel's advice to the Defendant on various matters is sound and comports with counsel's ethical obligations.

13. Undersigned counsel has informed Mr. Harley yesterday in person of the potential filing of this motion and informed him today that the motion would be filed.

14. Attorney Deady is in agreement with the representations in this motion and in its request for relief.

15. Counsel understands that trial in this matter is scheduled for April 28, 2014 and that resources have been used in preparation for that date, and he does not make this request lightly. In over 20 years of practice, this is counsel's second request to withdraw as counsel for unresolvable conflicts with a Defendant. Counsel, of course, has requested to withdraw in other cases in which other conflicts such as prior representation of victims or witnesses arose.

16. Notwithstanding the representation in Paragraph 15, undersigned counsel believes that there are irreconcilable conflicts between counsel and the Defendant which would interfere and prevent the representation which is commanded by the Sixth Amendment to the United States Constitution.

17. If a hearing on this motion is necessary, counsel would, of course, request an expedited hearing of the Court's earliest convenience.

18. Counsel has contacted Assistant U.S. Attorney Bruce Brandler and he does not concur to the same.

WHEREFORE, this Court for the reasons cited herein, should grant Attorney Ruzzo and Attorney Deady to withdraw as counsel.

Respectfully submitted,
/s/ *William Ruzzo*

WILLIAM RUZZO, ESQUIRE
Attorney I.D. #75865
590 Rutter Avenue
Kingston, PA 18704
(570) 288-7799
Fax (570) 288-7798