UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| vs. | : 3:12-CR-224 |
| RICHARD J. HARLEY, | : |
| Defendant | : |

## MOTION FOR LIMINE

Defendant Richard Harley requests this Court to prevent the Government from introducing into evidence the facts underlying a civil judgment obtained by Marshal Silverstein against Richard Harley in Lehigh County, 5910 CV 2009. Additionally, Harley requests the Court to direct the Government to refrain from mentioning the connection of Harley's fraud conviction 3:CR-96-286 and the SEC Judgment 3:96-CV-0705. Also, Harley requests that the Court direct the prosecution to refrain from mentioning the connection between the Monroe County Judgment entered against Harley for $168,000.00 as restitution for the 2001 Mail Fraud. Finally, Harley requests that the Court direct the prosecution to refrain from mentioning Harley's 2001 Mail Fraud conviction in its case-in-chief. In support of this request, Harley through counsel represents as follows:

1. On January 16, 2014, undersigned counsel requested from the Government its intention of introducing 404(b) – prior bad acts of Mr. Harley.

2. On January 22, 2014, Assistant U.S. Attorney Bruce Brandler provided counsel with written response indicating the Government's intention "to introduce evidence regarding Harley's bad acts as reflected under docket numbers 3:CR-96-286, 3:CV-96-0705, 2006-7180, 2007-6449, 2009-5910, 2009-3544."

3. The docket number 3:CR-96-286 refers to the case of U.S. v. Richard Harley as a result of which the Defendant Richard Harley was sentenced on March 30, 2001 to 60 months incarceration followed by a term of supervised release. Mr. Harley was released from prison in May of 2005.

4. The docket number 5910-CV-2009 refers to a civil case in Monroe County under which the Government obtained a civil judgment against Harley as a result of the 2001 conviction.

5. The docket number 3:96-CV-0705 refers to a Securities and Exchange Judgment obtained against Lazare Industries.

6. The evidence for which Harley requests the Court deny admission and described above is more likely to substantially and unfairly prejudice the Defendant than it is of probative value.

WHEREFORE, this Court should direct the Government's counsel to refrain from referring to the aforementioned evidence.

Respectfully submitted,

/s/ William Ruzzo

WILLIAM RUZZO, ESQUIRE
Attorney I.D. #53926
590 Rutter Avenue
Kingston, PA 18704
(570) 288-7799
Fax (570) 288-7798

/s/ Mary V. Deady
MARY V. DEADY, ESQUIRE
8 West Market Street
Wilkes-Barre, PA 18701