UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| vs. | : | 3:12-CR-224 |
| RICHARD J. HARLEY, | : | |
| Defendant | : | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

### INTRODUCTION:

The Defendant, Richard Harley is scheduled for trial on April 28, 2014. The Court has disposed of pre-trial motions including Defendant's suppression motion for which the Court conducted a hearing, heard argument, and denied suppression. Government counsel has indicated intent to introduce Harley's 2001 conviction in its case in chief and for impeachment. Harley files this brief in opposition to admission for either purpose.

### THIS COURT SHOULD NOT ADMIT EVIDENCE OF THE DEFENDANT'S ALLEGED PRIOR BAD ACTS

In a letter to defense counsel sent January 24, 2014, Government's counsel declared its intention to introduce Harley's prior conviction, 3:CR-96-286 contending that it was a relevant bad act and should be admitted in the Government's side of the case. The April 28, 2014 letter refers defense counsel to pages 10, 18, and 22 of the indictment and Counts 16-21 of the indictment. Within the pages and counts are references to the money judgments attained as a result of the convictions and Defendant's failure to report the financial debts Harley incurred because of the conviction. Harley would agree that the fact Government has the right to introduce, in support of the Bankruptcy Fraud, the amount of the debt and to allege Harley's intent to defraud violating the bankruptcy or criminal law. However, the underlying conviction

or any details of the conviction should be kept out of evidence. The reasons for the judgments are not relevant to prove the allegations of the Bankruptcy Fraud.

Federal Rule of Evidence 404(b) allows introduction of prior bad acts including crimes under limited circumstances. Prior crimes or bad acts are admissible to prove motive, opportunity, intent, preparation, identity, or absence of mistake or accident. Such evidence is admissible when offered for a proper purpose, it is relevant, its probative value was not substantially outweighed by its potential for unfair prejudice, and the District Court upon request issues a proper jury instruction. U.S. v. Becker, 230 F.3d 1224, 1232 (10th Cir. 2000)

If this Court were to allow the prosecution to present evidence indicating that the debts that Harley incurred under the SEC filing and the U.S. money judgment resulting from the previous mail fraud conviction in 2001, the jury would use the former conviction as propensity evidence. In other words, bad characters commit one fraud; they will commit another.

If the prosecution mentioned the debts as indicating proof of fraud without mentioned the reasons Harley incurred the debt. The jury would not have the improper propensity evidence before it. Hence, confusion and unfair prejudice would be avoided.

The prosecution's intent to introduce evidence of Harley's 2001 Mail Fraud conviction is an even more serious attempt at unfair prejudice. First, and most important, the 2001 conviction has no relevance to the instant matter. This case arises out of allegations that Harley defrauded or attempted to defraud individuals or entities in an oil scheme and to defraud the Federal Reserve and individuals or entities using Federal Reserve documents. Additionally, the Government alleges Bankruptcy Fraud. These allegations do not involve the 2001 Mail Fraud. The only result served by its admission would cause the jury to speculate that Harley had the propensity to commit fraud. Once a criminal, always a criminal.

Harley fails to see the connection of the 2001 conviction and the instant allegations or set of facts. Hence the potential for unfair prejudice substantially outweighs the probative value of

the evidence. Rule 463, U.S. v. Miller, 673 F.3d 688, 696 (7th Cir. 2012). Miller is instructive for its reasoning and holding. There the Court held the admission or a prior drug conviction was error reasoning in part that Rule 404(b) does not provide a rule of automatic admission whenever bad acts evidence can be plausibly linked to another purpose listed in the rule. The Rule 402 of relevance and the unfair balancing inquiries of Rule 403 still apply. Id. Application of this test to the Government's requested admission of Harley's 13 year old conviction would result in the Court's denial of admission of the conviction despite the Government's contention that the conviction is connected to our case.

Similarly, the prosecution does not need to mention the underlying facts of the Monroe County $168,000.00 judgment for restitution in the 2001 Mail Fraud case. The issue in the bankruptcy case is not dependent on the underlying reasons for the judgment. It is merely the question of whether a valid judgment has been entered.

## CONCLUSION:

WHEREFORE, for the above stated reasons, this Court should grant the Defendant's Motion in Limine.

Respectfully submitted,
/s/ *William Ruzzo*

WILLIAM RUZZO, ESQUIRE
Attorney I.D. #53926
590 Rutter Avenue
Kingston, PA 18704

/s/ *Mary V. Deady, Esquire*

MARY V. DEADY, ESQUIRE
8 West Market Street
Wilkes-Barre, PA 18701