PJS:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:CR-12-00224 |
| | ) | |
| v. | ) | |
| | ) | ( CAPUTO, J.) |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

AND NOW, the United States of America, by Bruce Brandler,

Assistant U.S. Attorney for the Middle District of Pennsylvania, hereby

requests the Court to include the following instructions to the jury and

requests leave to file any supplemental instructions as may appear

necessary and proper.

Respectfully submitted,

PETER J. SMITH
United States Attorney


 s/ Bruce Brandler
Bruce Brandler
Assistant U.S. Attorney
Attorney I.D. No. PA62052

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania  17108-1754
(717) 221-4482
(717) 221-4582 (Facsimile)
bruce.brandler@usdoj.gov (eMAIL)

Date:   November 3, 2014

# TABLE OF CONTENTS

**Instruction No.**                                                                 **Page**

1.   Role of Jury ................................................................................ 1

2.   Evidence ..................................................................................... 4

3.   Direct and Circumstantial Evidence ............................................ 8

4.   Credibility of Witnesses .............................................................. 10

5.   Not All Evidence, Not all Witnesses Needed ............................... 14

6.   Presumption of Innocence; Burden of Proof; Reasonable
     Doubt ......................................................................................... 15

7.   Nature of the Indictment ............................................................ 18

8.   On or About ................................................................................ 19

9.   Separate Consideration—Single Defendant Charged with
     Multiple Offenses ....................................................................... 20

9.   Stipulated Testimony .................................................................. 21

11.  Stipulations of Fact .................................................................... 22

12.  Audio/Video Recordings—Consensual ........................................ 23

13.  Audio/Video Recordings—Transcripts ........................................ 24

14.  Opinion Evidence (Expert Witnesses) ........................................ 25

15.  Credibility of Witnesses—Law Enforcement Officer ................... 27

-iii-

**Instruction No.**                                                            **Page**

16.   Impeachment of Witness—Prior Inconsistent Statement for
      Credibility Only .......................................................................... 28

17.   Defendant's Choice Not to Testify or Present Evidence ............. 30

18.   Defendant's Testimony .................................................................. 31

19.   Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) ............. 32

20.   Prior Statement of Defendant—Single Defendant on Trial ....... 35

21.   Impeachment of Defendant—Prior Bad Acts (F.R.E. 608(b)) .... 37

22.   Impeachment of Defendant—Prior Conviction (F.R.E. 609)) .... 38

23.   Proof of State of Mind—Intentionally, Knowingly,
      Willfully ........................................................................................ 39

24.   Knowingly ...................................................................................... 41

25.   Intentionally .................................................................................. 42

26.   Motive Explained .......................................................................... 43

27.   Willfully ......................................................................................... 44

28.   Willful Blindness ........................................................................... 45

29.   Wire, Bank, and Bankruptcy Fraud—"Scheme to Defraud
      or to Obtain Money or Property" Defined ................................... 47

30.   Wire, Bank, and Bankruptcy Fraud—Unanimity Required ...... 52

<u>Instruction No.</u>                                                                                                                        <u>Page</u>

31.    Wire, Bank, and Bankruptcy Fraud– "Intent to Defraud"
       Defined ................................................................................. 54

32.    Wire Fraud—Elements of the Offense (18 U.S.C. § 1343)
       (Counts 1-15) ......................................................................... 55

33.    Wire Fraud—"Transmits by Means Of Wire, Radio, or
       Television Communication in Interstate Commerce"—
       Defined ................................................................................... 56

34.    Wire Fraud—Each Transmission by Wire Communication a
       Separate Offense ..................................................................... 59

35.    Bankruptcy Fraud—Elements of the Offense (18 U.S.C.
       § 157(1)) (Counts 16-17) ......................................................... 60

36.    False Statements in Bankruptcy Filings (18 U.S.C. § 152(3))
       (Counts 18-22) ......................................................................... 62

37.    Bank Fraud—Elements of the Offense (18 U.S.C. § 1344)
       (Count 23) ................................................................................. 63

38.    Election of Foreperson; Unanimous Verdict; Do Not Consider
       Punishment; Duty to Deliberate; Communication with Court ... 65

39.    Verdict Form ............................................................................ 70

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

## ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender (sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community).

**Authority**:  Third Circuit Model Jury Instruction 3.01.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4)     Any facts that have been judicially noticed—that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1)     The Indictment;

(2)     Statements and arguments of the lawyers for the parties in

this case;

(3)     Questions by the lawyers and questions that I might have

asked;

(4)     Objections by lawyers, including objections in which the

lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case

outside the courtroom.

You should use your common sense in weighing the evidence.

Consider it in light of your everyday experience with people and events,

and give it whatever weight you believe it deserves.  If your experience

and common sense tells you that certain evidence reasonably leads to a

conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence

control what can be received into evidence.  During the trial the lawyers

objected when they thought that evidence was offered that was not

permitted by the rules of evidence.  These objections simply meant that

the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.02.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

<u>Authority</u>:  **Third Circuit Model Jury Instruction 3.03.**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

### CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.04.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.05.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

## PRESUMPTION OF INNOCENCE;
## BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offenses charged.  Mr. Harley is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Harley unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Harley is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Harley not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Harley has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Harley is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Harley guilty of the offenses charged, the government must convince you that Mr. Harley is guilty beyond a

reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.06.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

## NATURE OF THE INDICTMENT

As you know, the defendant, Mr. Harley, is charged in the Indictment with violating federal law, specifically, counts one through fifteen charge Harley with wire fraud, in violation of <u>18 U.S.C. § 1343</u>. Counts 16 and 17 charge Harley with bankruptcy fraud, in violation of <u>18 U.S.C. § 157(1)</u>. Counts 18 through 22 charge Harley with making false statements in bankruptcy filings, in violation of 18 U.S.C. 152(3). Count twenty-three charges Harley with bank fraud, in violation of 18 U.S.C. § 1344. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Harley has been indicted in making your decision in this case.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.07.

# GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

## ON OR ABOUT

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Authority**:  Third Circuit Model Jury Instruction 3.08.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

## SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE OFFENSES

The defendant, Mr. Harley, is charged with 23 offenses; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

**Authority:**  Third Circuit Model Jury Instruction 3.12.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

STIPULATED TESTIMONY

The parties have agreed what (name of witness)'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court by the witness.

Authority:  Third Circuit Model Jury Instruction 4.01.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

## STIPULATIONS OF FACT

The Government and the defendant have agreed that set forth stipulated facts are true.  You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

**Authority**:  Third Circuit Model Jury Instruction 4.02

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

## AUDIO/VIDEO RECORDINGS—CONSENSUAL

During the trial you heard audio recordings of conversations with the defendant made without his knowledge.   These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

Authority:  Third Circuit Model Jury Instruction 4.04.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

## AUDIO/VIDEO RECORDINGS—TRANSCRIPTS

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers.  But remember, you must decide who you actually heard speaking in the recording.  The names on the transcript were used simply for your convenience.

**Authority:**  Third Circuit Model Jury Instruction 4.06.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14

## OPINION EVIDENCE (EXPERT WITNESSES)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from David Weiss (art) and Bert Massey (oil), who offered their opinions.  Because of their knowledge, skill, experience, training, or education in the field of art and oil, Mr. Weiss and Mr. Massey were permitted to offer opinions in those fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that Mr. Weiss and Mr. Massey's opinions are not based on sufficient

knowledge, skill, experience, training, or education.  You may also

disregard the opinions if you conclude that the reasons given in support

of the opinions are not sound, or if you conclude that the opinions are

not supported by the facts shown by the evidence, or if you think that

the opinions are outweighed by other evidence.

**Authority**:  Third Circuit Model Jury Instruction 4.08.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICER

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that their testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Authority:  Third Circuit Model Jury Instruction 4.18.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16

## IMPEACHMENT OF WITNESS—PRIOR INCONSISTENT STATEMENT FOR CREDIBILITY ONLY

You have heard the testimony of certain witnesses. You have also heard that before this trial they made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements. You can only use it as one way of evaluating the witnesses' testimony in this trial.

You also heard evidence that certain witnesses made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from his testimony at trial. When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as

-28-

evidence of the truth of what the witnesses said in the earlier

statements.  But when a statement is (describe condition; e.g., not made

under oath, not given before the grand jury), you may use it only to help

you decide whether you believe the witness' testimony in this trial and

not as proof of the truth of what the witnesses said in the earlier

statements.

<u>Authority</u>:  Third Circuit Model Jury Instruction 4.22.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17

### DEFENDANT'S CHOICE NOT TO TESTIFY OR
### PRESENT EVIDENCE

Mr. Harley did not testify (did not present evidence) in this case. A defendant has an absolute constitutional right not to testify (or to present any evidence).  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Mr. Harley did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Mr. Harley did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

**Authority**:  Third Circuit Model Jury Instruction 4.27.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 18

## DEFENDANT'S TESTIMONY

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Mr. Harley testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

Authority:  Third Circuit Model Jury Instruction 4.28.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19

## DEFENDANT'S PRIOR BAD ACTS OR CRIMES (F.R.E. 404(B))

You have heard testimony that the defendant (summarize the other act evidence).

This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant (describe the precise purpose or purposes for which the other act evidence was admitted: for example (Pick those of the following, or other reasons, that apply)), had the state of mind, knowledge, or intent necessary to commit the crime charged in the Indictment; or

had a motive or the opportunity to commit the acts charged in the Indictment; or

was preparing or planning to commit the acts charged in the Indictment; or

acted with a method of operation as evidenced by a unique pattern (describe); or

did not commit the acts for which the defendant is on trial by accident or mistake.;  or

is the person who committed the crime charged in the Indictment.  You may consider this evidence to help you decide (describe how the evidence will be used to prove identity—e.g., whether the evidence that the defendant committed the burglary in which the gun that is the subject of this trial was stolen makes it more likely that the defendant was the person who placed the gun in the trunk of the car).

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the Indictment.

Remember that the defendant is on trial here only for (state the charges briefly), not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

<u>Authority</u>:  Third Circuit Model Jury Instruction 4.29.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 20

## PRIOR STATEMENT OF DEFENDANT—
## SINGLE DEFENDANT ON TRIAL

The government introduced evidence that the defendant, Mr. Harley, made a statement to Special Agent Vincent Browning.  You must decide whether Mr. Harley did in fact make the statement.  If you find that Mr. Harley did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Mr. Harley himself and the circumstances under which the statement was made.

If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances.  On the other hand, if you determine that the statement was not made voluntarily, you must disregard it.  In determining whether any alleged statement was made voluntarily, you should consider Mr. Harley's age, training, education, occupation, and physical and mental condition, and his treatment while in custody or under interrogation as shown by the evidence in the case.  Also consider

all other circumstances in evidence surrounding the making of the

alleged statement.

<u>Authority</u>:  Third Circuit Model Jury Instruction 4.32.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 21

## IMPEACHMENT OF DEFENDANT—PRIOR BAD ACTS
## (F.R.E. 608(b))

You heard evidence that the defendant, Mr. Harley, on a previous occasion committed (describe bad act elicited on cross-examination of defendant).  You may consider that evidence only to help you decide whether to believe Mr. Harley's testimony and how much weight to give it.  That evidence does not mean that Mr. Harley committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

Authority:  Third Circuit Model Jury Instruction 4.35.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 22

## IMPEACHMENT OF DEFENDANT— PRIOR CONVICTION (F.R.E. 609)

You heard evidence that the defendant, Mr. Harley, was previously convicted of a crime. You may consider evidence of his previous conviction only to decide whether to believe Mr. Harley's testimony and how much weight to give it. That evidence does not mean that Mr. Harley committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.

Authority: Third Circuit Model Jury Instruction 4.36.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 23

## PROOF OF REQUIRED STATE OF MIND—INTENTIONALLY, KNOWINGLY, WILLFULLY

Often the state of mind [intent, knowledge, willfulness] with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, Mr. Harley's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine Mr. Harley's state of mind (what Mr. Harley intended or knew) at a particular time, you may consider evidence about what Mr. Harley said, what Mr. Harley did and failed to do, how Mr. Harley acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Harley's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Mr. Harley's state of mind.

You may also consider the natural and probable results or consequences of any acts Mr. Harley knowingly did, and whether it is reasonable to conclude that Mr. Harley intended those results or

-39-

consequences.  You may find, but you are not required to find, that Mr. Harley knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in Mr. Harley's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Mr. Harley did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts in this case.

<u>Authority</u>:  Third Circuit Model Jury Instruction 5.01.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 24

## KNOWINGLY

The offenses charged in the Indictment require that the government prove that Mr. Harley acted "knowingly" ["with knowledge"] with respect to certain element(s) of the offenses.  This means that the government must prove beyond a reasonable doubt that Mr. Harley was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether Mr. Harley acted "knowingly" ["with knowledge"], you may consider evidence about what Mr. Harley said, what  Mr. Harley did and failed to do, how Mr. Harley acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Harley's mind at that time.

The government is not required to prove that Mr. Harley knew his acts were against the law.

**Authority**:  **Third Circuit Model Jury Instruction 5.02.**

-41-

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 25

## INTENTIONALLY

The offenses charged in the Indictment require that the government prove that Mr. Harley acted "intentionally" ["with intent"] with respect to certain element(s) of the offenses.  This means that the government must prove beyond a reasonable doubt either that (1) it was Mr. Harley's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Mr. Harley knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Mr. Harley acted "intentionally" ["with intent"],  you may consider evidence about what Mr. Harley said, what Mr. Harley did and failed to do, how Mr. Harley acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Harley's mind at that time.

**Authority**:  Third Circuit Model Jury Instruction 5.03.

-42-

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 26

## MOTIVE EXPLAINED

Motive is not an element any of the offenses with which Mr. Harley is charged.  Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that Mr. Harley is guilty and proof of good motive alone does not establish that Mr. Harley is not guilty.  Evidence of Mr. Harley's motive may, however, help you find his intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

**Authority**:  Third Circuit Model Jury Instruction 5.04.

-43-

# GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 27

## WILLFULLY

The offense of making false statements in connection with bankruptcy filings (counts 18-22) charged in the Indictment require the government to prove that Mr. Harley acted "willfully" with respect to the making of the false statements charged in the Indictment. This means the government must prove beyond a reasonable doubt that Mr. Harley knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that Mr. Harley acted "willfully," you must find that the evidence proved beyond a reasonable doubt that Mr. Harley acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that Mr. Harley had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

"Willfully" does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.


**Authority**:  Third Circuit Model Jury Instruction 5.05.

# GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 28

# WILLFUL BLINDNESS

To find Mr. Harley guilty of certain offenses, you must find that the government proved beyond a reasonable doubt that Mr. Harley knew that neither he nor RJH didn't own any valuable oil in Texas or that neither he nor RJH didn't own any valuable treasury checks.  In this case, there is a question whether Mr. Harley knew these facts. When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that Mr. Harley knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that Mr. Harley deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  Thus, you may find that Mr. Harley knew that neither he nor RJH owned valuable oil in Texas or valuable treasury checks based on evidence which proves that:  (1) Mr. Harley, himself, actually believed that there was a high probability that this

fact existed, and (2) Mr. Harley consciously took deliberate actions to avoid learning about the existence of this fact.

You may not find that Mr. Harley knew these facts if you find that the defendant actually believed that these facts did not exist.  Also, you may not find that Mr. Harley knew these facts if you find only that Mr. Harley consciously disregarded a risk that the fact existed, or that Mr. Harley should have known that the facts existed, or that a reasonable person would have known of a high probability that the fact existed.  It is not enough that Mr. Harley may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.  You must find that Mr. Harley, himself, actually believed there was a high probability of the existence of these facts, consciously took deliberate actions to avoid learning about it, and did not actually believe that it did not exist.

**Authority**:  **Third Circuit Model Jury Instruction 5.06.**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 29

## WIRE, BANKRUPTCY, OR BANK FRAUD—"SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY" DEFINED

One element that the government must prove beyond a reasonable doubt with respect to the wire, bankruptcy, and bank fraud charges is that Mr. Harley knowingly devised a scheme to defraud one or more victims of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

-47-

In this case, the Indictment alleges that the schemes to defraud were carried out by making false or fraudulent statements, representations, claims, and documents.  The representations which the government charges were made as part of the scheme to defraud are set forth in the Indictment, which I have already read to you.  The government is not required to prove every misrepresentation charged in the Indictment.  It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.   However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation (or failure to disclose) must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent

person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person (or investor) might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that Mr. Harley himself originated the scheme to defraud.  Furthermore, it is not necessary that the government prove that Mr. Harley actually realized any gain from the scheme or that any intended victim actually suffered any loss.  In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that Mr. Harley profited.  Although whether or not the scheme actually

succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the schemes to defraud charged in the Indictment did exist and that the defendant knowingly devised or participated in the schemes charged in the Indictment, you should then consider the other elements.

**Authority:  Third Circuit Model Jury Instruction 6.18.1341-1.**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 30

## WIRE, BANKRUPTCY, OR BANK FRAUD—UNANIMITY REQUIRED

Counts 1 through 15, 16 and 17, and 23 of the Indictment,

charging Mr. Harley with wire, bankruptcy fraud, and bank fraud,

alleges a number of separate schemes or plans to defraud and schemes

or plans to obtain money or property by means of false or fraudulent

pretenses, representations, or promises.

The government is not required to prove all of the schemes or

plans to defraud or all of the schemes or plans to obtain money or

property by means of false or fraudulent pretenses, representations or

promises or all of the false or fraudulent pretenses, representations, or

promises that are alleged.

However, each of you must agree with each of the other jurors

that the same scheme or plan to defraud or scheme or plan to obtain

money or property by means of false or fraudulent pretenses,

representations, or promises alleged in Counts 1 through 15, 16 and 17,

and 23 were, in fact, employed by Mr. Harley.  The jury need not

unanimously agree on each scheme or plan, but, in order to convict, must unanimously agree upon at least one such scheme or plan as a scheme or plan that was knowingly used by the defendant.

Unless each of you agrees that the government has proven the same scheme or plan to defraud or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises beyond a reasonable doubt, you must find the defendant not guilty of the wire and bank fraud charged in Counts 1 through 15, 16 and 17, and 23 of the Indictment.

Authority:  Third Circuit Model Jury Instruction 6.18.1341-2.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 31

## WIRE FRAUD, BANKRUPTCY FRAUD, AND BANK FRAUD–
## "INTENT TO DEFRAUD" DEFINED

Another element that the government must prove beyond a reasonable doubt with respect to the wire fraud, bankruptcy fraud, and bank fraud charges is that Mr. Harley acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Mr. Harley acted with an intent to defraud, you may consider, among other things, whether Mr. Harley acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

**Authority**:  Third Circuit Model Jury Instruction 6.18.1341-4.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 32

## WIRE FRAUD—ELEMENTS OF THE OFFENSE
## (COUNTS 1 THROUGH 15) (18 U.S.C. § 1343)

Counts 1 through 15 of the Indictment charges the defendant Mr. Harley with wire fraud, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

FIRST:  That Mr. Harley devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

SECOND:  That Mr. Harley acted with the intent to defraud; and

THIRD:  That in advancing, furthering, or carrying out the scheme, Mr. Harley transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**Authority:**  Third Circuit Model Jury Instruction 6.18.1343.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 33

## WIRE FRAUD—"TRANSMITS BY MEANS OF WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE"—DEFINED

I have already instructed you on the first two elements of this offense.  The third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, Mr. Harley transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.  The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire.  The use of the Internet to send a message, such as an e-mail, or to communicate

-56-

with a web site may constitute a wire transmission in interstate commerce.

The government is not required to prove that Mr. Harley actually used a wire communication in interstate commerce or that Mr. Harley even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.  The government must also prove either that Mr. Harley used wire, radio, or television communication in interstate commerce, or that Mr. Harley knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that Mr. Harley should reasonably have anticipated that

-57-

wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**Authority**:  **Third Circuit Model Jury Instruction 6.18.1343-1.**

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 34

## WIRE FRAUD—EACH TRANSMISSION BY WIRE COMMUNICATION A SEPARATE OFFENSE

Each transmission by wire communication in interstate commerce to advance, or to further, or to carry out the scheme or plan may be a separate violation of the wire fraud statute.

Authority:  Third Circuit Model Jury Instruction 6.18.1343-2.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 35

## BANKRUPTCY FRAUD—ELEMENTS OF THE OFFENSE— COUNTS 16 AND 17 (18 U.S.C. § 157(1))

Counts 16 and 17 charge Mr. Harley with bankruptcy fraud in connection with a 2010 and 2011 bankruptcy filing he allegedly made. In order to convict Mr. Harley of these offenses, the government must prove each of the following elements beyond a reasonable doubt:

ONE:  The defendant devised or intended to devise a scheme or plan to defraud;

TWO:  The defendant acted with the intent to defraud;

THREE:  The defendant's act was material, that is, it had a natural tendency to influence, or was capable of influencing the acts of an identifiable person, entity, or group; and

FOUR:  The defendant filed a petition or filed a document in a proceeding, or made a false or fraudulent representation, claim or promise concerning or in relation to a proceeding under a Title 11 bankruptcy proceeding to carry out or attempt to carry out an essential part of the scheme.

It does not matter whether the document, representation, claim, or promise in the petition was itself false or deceptive so long as the bankruptcy proceeding was used as a part of the scheme or plan to defraud, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Authority:    Model Crim. Jury Instr. 9th Cir. 8.11 (2010); United States Trustee Manual, § 5-8.7.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 36

### FALSE STATEMENTS IN BANKRUPTCY FILINGS—
### ELEMENTS OF THE OFFENSE—COUNTS 18 THROUGH 22—
### (18 U.S.C. § 152(3))

Counts 18 through 22 of the Indictment charge Mr. Harley with making false statements in connection with bankruptcy petitions he filed on behalf of himself and RJH in 2010, 2011, and 2012.  In order to convict Mr. Harley of these offenses, the government must prove each of the following elements beyond a reasonable doubt:

ONE:  The existence of a bankruptcy proceeding;

TWO:  The defendant made a false declaration, certificate, verification, or other statement in relation to the bankruptcy proceeding;

THREE:  The statement was material;

FOUR:  The statement was known to be false and was made willfully; and

FIVE:  The statement was made under penalty of perjury.


**Authority:**   Devitt, Blackmar & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 24.07 (4th ed. 1990).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 37

## BANK FRAUD—ELEMENTS OF THE OFFENSE
## (18 U.S.C. § 1344) (COUNT 23)

Count 23 of the Indictment charges the defendant Mr. Harley with bank fraud, in violation of 18 U.S.C. § 1344.

In order to find Mr. Harley guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

FIRST:  That Mr. Harley knowingly executed or attempted to execute a scheme or artifice to defraud the Federal Reserve Bank of New York or knowingly executed or attempted to execute a scheme to obtain the money, funds or other property owned by or under the control of Federal Reserve Bank of New York by means of material false or fraudulent pretenses, representations or promises as detailed in Count 23 of the Indictment;

SECOND:  That Mr. Harley did so with the intent to defraud the Federal Reserve Bank of New York; and

THIRD:  That the Federal Reserve Bank of New York was then a Federal Reserve Bank or a member bank of the Federal Reserve System.

I have previously instructed you on the meaning of scheme or artifice to defraud and intent to defraud.  Those definitions apply here as well.

<u>Authority</u>:  Third Circuit Model Jury Instruction 6.18.1344.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 38

## ELECTION OF FOREPERSON; UNANIMOUS VERDICT; DO NOT CONSIDER PUNISHMENT; DUTY TO DELIBERATE; COMMUNICATION WITH COURT

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

FIRST:  The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will speak for the jury here in Court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

SECOND:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find Mr. Harley guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find Mr. Harley not guilty,

every one of you must agree that the government has failed to convince
you beyond a reasonable doubt.

THIRD:  If you decide that the government has proved Mr. Harley
guilty, then it will be my responsibility to decide what the appropriate
punishment should be.  You should never consider the possible
punishment in reaching your verdict.

FOURTH:  As I have said before, your verdict must be based only on
the evidence received in this case and the law I have given to you.  You
should not take anything I may have said or done during trial as
indicating what I think of the evidence or what I think your verdict should
be.  What the verdict should be is the exclusive responsibility of the jury.

FIFTH:  Now that all the evidence is in, the arguments are
completed, and once I have finished these instructions, you are free to talk
about the case in the jury room.  In fact, it is your duty to talk with each
other about the evidence, and to make every reasonable effort you can to
reach unanimous agreement.  Talk with each other, listen carefully and
respectfully to each other's views, and keep an open mind as you listen to
what your fellow jurors have to say.  Do not hesitate to change your mind

if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

SIXTH:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

SEVENTH:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.16.

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 39</u>

### <u>VERDICT FORM</u>

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved Mr. Harley guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved Mr. Harley guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

<u>Authority</u>:  Third Circuit Model Jury Instruction 3.17.

PJS:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:CR-12-00224 |
| | ) | |
| v. | ) | |
| | ) | (CAPUTO, J.) |
| RICHARD J. HARLEY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on November 3, 2014, she served a copy of the attached:

### GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

by electronic filing to the person hereinafter named:

Joseph A. O'Brien, Esquire
at jaob@oprlaw.com

s/ Naomi Losch
Naomi Losch
Legal Assistant