**PJS:GMT:jm**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:CR-12-224 |
| | : | |
| RICHARD HARLEY | : | (CAPUTO, J.) |
| | : | |
| Defendant | : | |

## BRIEF IN SUPPORT OF THE GOVERNMENT'S MOTION TO QUASH A SUBPOENA ISSUED TO DR. BEN S. BERNANKE THE FORMER CHAIRMAN OF THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

## FACTUAL BACKGROUND

On December 4, 2014, defendant Richard J. Harley served a

subpoena for trial testimony and documents on Dr. Bernanke at his

office in Washington, D.C. ("Subpoena").  The Subpoena, which is dated

November 26, 2014, is attached hereto as Exhibit **A.** The Subpoena calls

for Dr. Bernanke to appear and testify at trial in this matter at 9:00

a.m. on Thursday, December 11, 2014, at the United States Courthouse

in Wilkes-Barre, Pennsylvania.  The Subpoena further calls for Dr.

Bernanke to produce at that time "[a]ll documents or records in [his] possession or under [his] control concerning Richard J. Harley, Joseph Teo Hui Kiat and Yohannes Riyadi, including but not limited to" a series of documents appended to the Subpoena.  Exhibit A at 1.

As set forth in his declaration attached hereto as Exhibit B, Dr. Bernanke did not sign the documents attached to the Subpoena that purport to show his signature and never saw them before receiving the Subpoena.  He has no knowledge whatsoever of the matters addressed by the Subpoena and has no documents in his possession, custody, or control concerning Richard J. Harley, Joseph Teo Hui Kiat, or Yohannes Riyadi.  Exhibit B at 1, ¶¶ 2-3.

## ISSUE BEFORE THIS COURT

**Whether This Court Should Quash the Subpoena Issued to Dr. Ben S. Bernanke, the former Chairman of the Board of Governors of the Federal Reserve System, because compliance with the subpoena would be unreasonable and oppressive?**

## ARGUMENT

Pursuant to the Federal Rules of Criminal Procedure, the Court may quash a subpoena "if compliance would be unreasonable or

oppressive." Fed. R. Crim. P. 17(c)(2).  Compliance with the Subpoena would be both unreasonable and oppressive in this case.

As set forth in his declaration attached hereto as Exhibit B, Dr. Bernanke did not sign the documents attached to the Subpoena that purport to show his signature and never saw them before receiving the Subpoena.  He has no knowledge whatsoever of the matters addressed by the Subpoena and he has no documents in his possession, custody, or control concerning Richard J. Harley, Joseph Teo Hui Kiat, or Yohannes Riyadi.  As a result, there is nothing relevant about which Dr. Bernanke could testify and it would be both unreasonable and oppressive for him to take substantial time from his busy schedule and travel several hundred miles to testify to matters to which he has no independent knowledge whatsoever.

The unreasonableness of the Subpoena is underscored by the fact that federal courts have long shielded current and former high government officials such as Dr. Bernanke from testifying about matters for which they lack relevant first-hand knowledge or for which testimony is obtainable from other sources.  *See, e.g.*, *United States* v.

*Morgan*, 313 U.S. 409, 421-22 (1941) (rejecting compelled testimony of

the Secretary of Agriculture and suggesting that the practice of calling

high ranking government officials as witnesses should be discouraged);

*In re U.S.*, 985 F.2d 510, 511-12 (11th Cir. 1993) (granting writ of

mandamus and quashing subpoena for testimony of Food and Drug

Administration Commissioner in criminal trial because defendants

failed to show the "extraordinary circumstances" necessary to justify

such testimony); *Robinson v. City of Philadelphia*, No. 04-3948, 2006

WL 1147250, at *2 (E.D. Pa. Apr. 26, 2006) ("'A party seeking the

deposition of a high ranking government official must demonstrate that

his testimony is likely to lead to the discovery of admissible evidence, is

essential to that party's case and that this evidence is not available

through any alternate source or less burdensome means.'" (quoting

*Hankins v. City of Philadelphia*, No. 95-1449, 1996 WL 524334, at *1

(E.D. Pa. Sept. 12, 1996))).

The defendant's apparent belief that Dr. Bernanke's testimony

will assist him in demonstrating the validity of the documents attached

to the Subpoena is not supportable.  As his sworn declaration makes

4

clear, Dr. Bernanke did not sign the documents and would so testify at trial.  It cannot be the case that individuals may compel the testimony of high-ranking government officials merely by forging their signature.

## CONCLUSION

For the foregoing reasons, the Government and Dr. Bernanke respectfully request that their motion be granted and that the Subpoena be quashed[1].

December 9, 2014

Respectfully submitted,

PETER J. SMITH
UNITED STATES ATTORNEY

/s G. Michael Thiel
G. MICHAEL THIEL
Assistant U.S. Attorney
Atty. I.D. #PA 72926
P.O. Box 309
Scranton, PA 18501
Phone 348-2800

---

[1] On Thursday, December 4, 2014, Katherine H. Wheatley, Associate General Counsel, Board of Governors of the Federal Reserve System, counsel for the Defendant to ask that the Subpoena be withdrawn given Dr. Bernanke's complete lack of knowledge about the issues or the documents attached to the Subpoena, noting that we would be forced to file a motion to quash if the Subpoena were not voluntarily withdrawn.  On December 5, Defendant's counsel advised that the defendant had not authorized him to withdraw the Subpoena.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers.

That on December 9, 2014, she served copies of the attached:

**BRIEF IN SUPPORT OF THE GERNMENT'SMOTION TO QUASH A SUBPOENA ISSUED TO DR. BEN S. BERNANKE THE FORMER BOARD CHAIRMAN OF THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM**

by electronic mail to:

Address:

Joseph A. O'Brien, Esq.
Oliver, Price & Rhodes
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA  18411
jaob@oprlaw.com


                                    /s Jodi Matuszewski
                                    Jodi Matuszewski
                                    Legal Assistant

6