Westlaw.

Not Reported in F.Supp., 1996 WL 524334 (E.D.Pa.)
**(Cite as: 1996 WL 524334 (E.D.Pa.))**

▷

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Cecil HANKINS
v.
CITY OF PHILADELPHIA, et al.

Civ.A. No. 95-1449.
Sept. 12, 1996.

Richard J. Silverberg, Rebecca J. Houlding, Richard J. Silverberg and Associates, Philadelphia, PA, for Cecil Hankins.

Raymond A. Kresge, Pepper, Hamilton & Scheetz, Philadelphia, PA, E. Jane Hix, Asst. City Solicitor, Philadelphia, PA, Howard Lebofsky, Deputy City Solicitor, Philadelphia, PA, for City of Philadelphia.

Wayne Wynn, Willig, Williams & Davidson, Philadelphia, PA, for American Federation Of State, County and Municipal Employees and American Federation Of State, County and Municipal Employees District Council 47, Local 2187.

*MEMORANDUM ORDER*
WALDMAN, District Judge.

**\*1** Presently before the court is plaintiff's Motion to Compel the Deposition of Mayor Edward G. Rendell.

Plaintiff served a Notice of Deposition of Mayor Rendell upon defendant City of Philadelphia which plaintiff asserts was "obligated to produce the Mayor for his deposition or move for a protective order pursuant to Rule 26(c)." The Mayor did not appear for deposition at the time and place requested and no

motion for a protective order had been filed at that time.

Plaintiff states that the Mayor "knew or should have known" that changes to the eligibility requirements for the AIDS Program Director position were made for an "illegitimate purpose." Plaintiff also states, "upon information and belief" that the Mayor has information regarding "political reasons" for having Mr. Scott rather than plaintiff fill the position of AIDS Program Director. Plaintiff finally states that the Mayor "may" have information regarding racism and its effect on staffing decisions within the City Health Department.

Even accepting that the Mayor is an officer of a party for whom a subpoena is not required and for whom a notice of deposition is sufficient, *see* Wright, Miller & Marcus *Federal Practice & Procedure: Civil 2d §§ 2107, 2112 (1994); Riff v. Police Chief Elmer Clawges,* 158 F.R.D. 357, 358 (E.D.Pa. 1994); *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.,* 136 F.R.D. 385, 392 (E.D.Pa. 1991); *Community Federal Savings and Loan Ass'n. v. Federal Home Loan Bank Board,* 96 F.R.D. 619, 621 (D.D.C. 1983), plaintiff failed to seek or obtain leave to depose the Mayor pursuant to Fed. R. Civ. P. 30 (a)(2)(A). Plaintiff had already conducted eleven depositions and requested defendants to schedule ten others not including the Mayor's.

The City further contends that as "a busy public official" without any knowledge "pertinent to material issues in the lawsuit," the Mayor should be exempt from deposition. High ranking government officials are generally entitled to limited immunity from being deposed concerning matters about which they have no unique personal knowledge. *Warzon v. Drew,* 155 F.R.D. 183, 185 (E.D.Wis. 1994), *aff'd,* 60 F.3d 1234 (7th Cir. 1995); *Community Federal,* 96 F.R.D. at 621. *See also In re U. S.,* 985 F.2d 510, 512-513 (11th Cir.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 524334 (E.D.Pa.)
**(Cite as: 1996 WL 524334 (E.D.Pa.))**

1993), *cert. denied sub nom Faloon v. U.S.,* 510 U.S. 989 (1993); *Sweeney v. Bond,* 669 F.2d 542, 546 (8th Cir. 1982), *cert. denied sub nom Schenberg v. Bond,* 459 U.S. 878 (1982); *Kyle Eng'g Co. v. Kleppe,* 600 F.2d 226, 231 (9th Cir. 1979). Such immunity is premised on a public policy concern that high ranking government officers be permitted to perform their official tasks without disruption or diversion. *Warzon,* 155 F.R.D. at 185; *Community Federal,* F.R.D. at 621. A party seeking the deposition of a high ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to that party's case and that this evidence is not available through any alternative source or less burdensome means. *Id.*

**\*2** The only meaningful showing plaintiff makes is that Mayor Rendell was one of three members of the City's Administrative Board which ultimately approved proposed changes to the job requirements for the AIDS Program Director position. That the Mayor signed off on changes to job classifications approved and submitted by the Civil Service Commission, including those of AIDS Program Director, does not demonstrate that he has personal knowledge of the particular reasons why such changes were proposed or why staffing decisions of various agencies were made.[FN1]

> **FN1.** The Administrative Board action consists of a one sentence approval followed by the signatures of the Mayor and other two Board members. There is no showing of any presentation to or deliberation by the Board regarding the classification for AIDS Program Director or any other position.

The list approved by the Administrative Board on April 22, 1993 on which the AIDS Program Director position appeared had classification changes for 51 positions, including a physical therapy supervisor, a park guide, a cement finisher, equipment operators, a tow truck driver and a custodial worker. The classifi-

cation changes were approved by the Civil Service Commission at a public meeting which had been generally advertised. It is not reasonable to infer from the Mayor's *pro forma* administrative approval of these changes that he was involved in or had personal knowledge about the deliberations underlying them.[FN2]

> **FN2.** Unlike Governor Thompson in *Warzon,* the Mayor did not submit an affidavit stating that he has no relevant information about the facts or issues involved in the lawsuit. There is, however, no requirement that such an affidavit be produced, particularly where the party seeking a deposition relies on supposition. The Deputy City Solicitor represents that "the Mayor has absolutely no involvement in this case and has no relevant knowledge regarding plaintiff's cause of action." It would be quite extraordinary if he made such a representation without appropriate advice from the Mayor.

Moreover, there is no showing that the Mayor's testimony is essential, that any information he may have about the Civil Service classification is not available from other sources, including Barry Savitz and other Health Department officials, or that there is no less burdensome means for obtaining any such information. For example, a few narrowly tailored interrogatories could elicit any such information or establish that the Mayor has more without subjecting him to a deposition away from his office during working hours and "continuing day to day." *See Community Federal,* 96 F.R.D. at 621-232 (noting failure of plaintiff to show information it hoped to elicit from defendant agency's chairman was not ascertainable through interrogatories).

Plaintiff's motion will be denied for failure to obtain leave to conduct the deposition he seeks to compel and to demonstrate the type of need required to divert the Mayor from his official duties. The re-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 524334 (E.D.Pa.)
**(Cite as: 1996 WL 524334 (E.D.Pa.))**

quest of the City that its expenses in responding to plaintiff's motion be reimbursed because his intent was to "harass and burden the City" will be denied.

ACCORDINGLY, this 11th day of September, 1996, upon consideration of plaintiff's Motion to Compel and defendant City of Philadelphia's response thereto and its Request for Reimbursement, IT IS HEREBY ORDERED that plaintiff's Motion is DENIED and defendant's Request for Reimbursement for Costs and Fees is DENIED.

E.D.Pa.,1996.
Hankins v. City of Philadelphia
Not Reported in F.Supp., 1996 WL 524334 (E.D.Pa.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.