IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | JURY TRIAL DEMANDED |
| Plaintiff | No. 3:12-CR-224 |
| v. | Honorable A. Richard Caputo |
| RICHARD J. HARLEY, | |
| Defendant | |

**REQUESTED JURY INSTRUCTIONS OF DEFENDANT, RICHARD J. HARLEY**

1. In order to find the Defendant guilty of any of the crimes for which he is charged that is i.e. wire fraud, bankruptcy fraud, bank fraud, or making false statements in connection with a bankruptcy proceeding, you must find beyond a reasonable doubt that the Defendant, Richard J. Harley, acted with fraudulent intent.  To act with fraudulent intent means that the person must act knowingly and with specific intent to deceive or cheat another.  <u>United States v. Zehrbach</u> 1994 WL 96690 (1994) pages 4-8.

2. A defendant may contend that he did not act with the specific intent to commit the crimes with which he is charged since he acted in good

faith. Good faith is a complete defense to the charges of acting with fraudulent intent because good faith is simply inconsistent with the intent to defraud. The term good faith means an absence of intention of taking advantage of another. Good faith constitutes a complete defense to one charged with an offense of which fraudulent intent is an essential element. One who acts with honest intention is not chargeable with fraudulent intent. One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though such opinion is erroneous and such belief is a mistaken belief. Evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent. In order to establish fraudulent intent on the part of a person, it must be established that such person knowingly and intentionally attempted to deceive another. The burden of proving that a defendant did not act in good faith is on the Government. The Government must meet this burden by proof beyond a reasonable doubt. If the evidence leaves you with a reasonable doubt as to whether the Defendant acted with the intent to defraud, you must acquit him. Also, if the evidence leaves you with a reasonable doubt as to whether the Defendant acted

in good faith, you must acquit him <u>United States v. Zehrbach</u> 1994 WL 96690 (1994) pages 4-8; <u>United States v. Ammons</u> 464 F.2d 414, 417 (8th Cir. 1972).

3. With respect to the charge that the Defendant made false statements in a bankruptcy proceeding, you must also find that the Defendant knew that the statements he made were false. A false statement is one made knowingly and willfully. A statement made as a result of a mistake, inadvertence, or accident is not made knowingly and willfully. The burden of proof in establishing that the Defendant made false statements in a bankruptcy proceeding is on the Government. If the evidence leaves you with a reasonable doubt as to whether the Defendant knowingly and willfully made false statements in a bankruptcy proceeding, you must acquit him. Also, if the evidence leaves you with a reasonable doubt that the Defendant may have made false statements in a bankruptcy proceeding as a result of a mistake, inadvertence, or accident, you must acquit him. <u>United States v. Gross</u> 961 F.2d 1097, 1102, 1103 (3rd Cir. 1992).

Respectfully submitted,

OLIVER, PRICE & RHODES

/s/ Joseph A. O'Brien
---

Joseph A. O'Brien, Esquire
*Attorney for Defendant, Richard J. Harley*
Attorney I.D. No.:  22103
P.O. Box 240
Clarks Summit, PA   18411
Tel:  (570) 585-1200
Fax:  (570) 585-5100
Email:  jaob@oprlaw.com

## CERTIFICATE OF SERVICE

I, **Joseph A. O'Brien, Esquire**, of Oliver, Price & Rhodes, hereby certify that on this date, I caused the foregoing REQUESTED JURY INSTRUCTIONS OF DEFENDANT, RICHARD J. HARLEY to be filed via the Court's ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

> Bruce D. Brandler, Esquire
> U.S. Attorney's Office
> Room 217, Federal Building
> 228 Walnut Street
> Harrisburg, PA  17108

Respectfully submitted,

OLIVER, PRICE & RHODES

/s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire
*Attorney for Defendant, Richard J. Harley*
Attorney I.D. No.:  22103
1212 South Abington Road
Clarks Summit, PA   18411
Tel:  (570) 585-1200
Fax:  (570) 585-5100
Email:  jaob@oprlaw.com